IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01098-BNB

PIERRE TERRON-O'NEAL WATSON,

    Plaintiff,

v.

UNITED STATES SECRET SERVICE,
T. K. COZZA-RHODES,
LIEUTENANT M, AVALOS,
ED VINCENT, Counselor,
FEDERAL BUREAU OF PRISONS NORTH CENTRAL REGIONAL OFFICE,
JEFF GEORGE,
LIEUTENANT DAN CLARK,
UNITED STATES SECRET SERVICE,
FEDERAL BUREAU OF PRISONS, and
JEFF GEORGE, Disciplinary Hearing Officer,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Pierre Terron-O'Neal Watson, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. He attempted to initiate this action by submitting to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court reviewed the § 1915 motion and affidavit, and determined it was deficient. Therefore, on April 30, 2012, Magistrate Judge Boyd N. Boland directed Mr. Watson to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The April 30 order pointed out that Mr. Watson failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The April 30 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. The April 30 order also directed Mr. Watson to submit a Prisoner Complaint.

The April 30 order warned Mr. Watson that the action would be dismissed without prejudice and without further notice if he failed to cure the designated deficiencies within thirty days . On June 6, 2012, Mr. Watson submitted a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, he has failed within the time allowed to cure all the designated deficiencies by submitting a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Therefore, the complaint and the action will be dismissed without prejudice for failure to cure all the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Watson files a notice of appeal he must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Pierre Terron-O'Neal Watson, within the time allowed, to cure all the deficiencies designated in the order to cure of April 30, 2012. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  8th  day of    June           , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court