IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01098-LTB

PIERRE TERRON-O'NEAL WATSON,

    Plaintiff,

v.

UNITED STATES SECRET SERVICE,
T. K. COZZA-RHODES,
LIEUTENANT M, AVALOS,
ED VINCENT, Counselor,
FEDERAL BUREAU OF PRISONS NORTH CENTRAL REGIONAL OFFICE,
JEFF GEORGE,
LIEUTENANT DAN CLARK,
UNITED STATES SECRET SERVICE,
FEDERAL BUREAU OF PRISONS, and
JEFF GEORGE, Disciplinary Hearing Officer,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Pierre Terron-O'Neal Watson, is a prisoner in the custody of the United States Bureau of Prisons who currently in incarcerated at the Federal Correctional Institution in Florence, Colorado.  He filed *pro se* on June 27, 2012, a motion titled "Motion for Reconsideration for Order of Dismissal" (ECF No. 7), in which he asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on June 8, 2012.

    The Court must construe the motion liberally because Mr. Watson is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the

motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Watson's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the complaint and the instant action without prejudice based on Mr. Watson's failure within the time allowed to cure all the deficiencies designated in the order of April 30, 2012 (ECF No. 3). Specifically, Mr. Watson did cure a designated deficiency by submitting a Prisoner Complaint on June 6, 2012, but failed to submit a

certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official.

In the motion for reconsideration, Mr. Watson contends he never received the April 30 order, and that prison mail room records do not indicate he signed for the April 30 order. However, the Court's docketing records do not indicate that the copy of the April 30 order mailed to Mr. Watson was returned to the Court as undeliverable; Mr. Watson does not present any documentation showing that the April 30 order was not received by the prison or him; and he did cure one of the two deficiencies identified in the April 30 order in a timely manner.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Watson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The motion to reconsider will be denied. The dismissal of the instant action was without prejudice. If Mr. Watson wants to pursue his claims he may do so by initiating a new and separate action.

Accordingly, it is

ORDERED that the motion titled "Motion for Reconsideration for Order of Dismissal" (ECF No. 7) that Plaintiff, Pierre Terron-O'Neal Watson, filed *pro se* on June 27, 2012, and which the Court has treated as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is DENIED.

DATED at Denver, Colorado, this   12th   day of     July      , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court